UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ZOLTAN HIRSCH,                                    :    Docket No.
11-CV-1114
                                                  :    (RRM) (GO)
              Plaintiff,                          :
                                                  :    **ANSWER**
                                                  :
      -against-                                   :
                                                  :
                                                  :
AHMID SABOT, d/b/a/ NEW WAY DELI, d/b/a/          :
NEW WAY DELI AND GROCERY, and AHMED               :
SALEH TABET, an individual, and NASSER K.         :
MUBAREZ, an individual, and ALI MUBAREZ,          :
 an individual.                                   :
                                                  :
              Defendants.                         :
------------------------------------------------------------------------X

Defendants AHMID SABOT, NEW WAY DELI, NEW WAY DELI AND GROCERY, AHMED SALEH TABET, NASSER K. MUBAREZ, and ALI MUBAREZ, by and through their attorneys, The Aboushi Law Firm, PLLC hereby answer the Complaint filed by Plaintiffs, ZOLTAN HIRSCH:

## **INTRODUCTION**

Aver that the allegations contained in the introductory paragraph of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that the introductory paragraph contains factual allegations, Defendants deny each and every allegation.

## JURISDICTION AND PARTIES

1. Aver that the allegations contained in Paragraph 1 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 1 contains factual allegations, Defendants deny each and every allegation.

2. Aver that the allegations contained in Paragraph 2 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 2 contains factual allegations, Defendants admit that Plaintiffs purport that venue is proper in this Court.

3. Aver that the allegations contained in Paragraph 3 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 3 contains factual allegations, Defendants deny each and every allegation.

4. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint regarding Plaintiff's alleged disability and attempt to utilize Defendant's facilities. Notwithstanding the foregoing, to the extent that Paragraph 4 contains factual allegations, Defendants deny each and every allegation.

5. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint

regarding AHMID SABOT, his authorization to conduct business in the State of New York, if he is conducting business in the State of New York and if he is doing business as NEW WAY DELI and/or NEW WAY DELI AND GROCERY. Defendant's deny AHMID SABOT is the lessee and/or operator of the real property and the owner of improvements to NEW WAY DELI.  Defendants admit AHMED SALEH TABET and NASSER K. MUBAREZ and ALI MUBAREZ are owners of the premise located at 7423 18th Avenue, Brooklyn New York. Notwithstanding the foregoing, to the extent that Paragraph 5 contains factual allegations, Defendants deny each and every allegation.

6. Aver that the allegations contained in Paragraph 6 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 6 contains factual allegations, Defendants admit that Plaintiff purports that venue is proper in this Court.

## COUNT I: VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT

7. Aver that the allegations contained in paragraph 7 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 7 contains factual allegations, Defendants deny each and every allegation.

8. Aver that the allegations contained in Paragraph 8 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 8 contains factual allegations, Defendants deny each and every allegation.

9. Aver that the allegations contained in Paragraph 9 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 9 contains factual allegations, Defendants deny each and every allegation.

10. Aver that the allegations contained in Paragraph 10 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 10 contains factual allegations, Defendants deny each and every allegation.

11. Aver that the allegations contained in Paragraph 11 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 11 contains factual allegations, Defendants deny each and every allegation.

12. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint regarding remodeling and/or repairs to subject facility since January 26, 1990.

13. Deny each and every allegation contained in Paragraph 13 of the Complaint.

14. Deny each and every allegation contained in Paragraph 14 of the Complaint.

15. Aver that the allegations contained in Paragraph 15 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 15 contains factual allegations, Defendants deny each and every allegation.

16. Aver that the allegations contained in Paragraph 16 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 16 contains factual allegations, Defendants deny each and every allegation.

17. Aver that the allegations contained in Paragraph 17 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 17 contains factual allegations, Defendants deny each and every allegation.

18. Aver that the allegations contained in Paragraph 18 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 18 contains factual allegations, Defendants deny each and every allegation.

19. Aver that the allegations contained in Paragraph 19 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 19 contains factual allegations, Defendants deny each and every allegation.

20. Aver that the allegations contained in Paragraph 20 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 20 contains factual allegations, Defendants deny each and every allegation.

## COUNT II- VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

21. Aver that the allegations contained in Paragraph 21 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 21 contains factual allegations, Defendants deny each and every allegation.

22. Deny each and every allegation contained in Paragraph 22 of the Complaint.

23. Defendant incorporates and re-alleges its specific answers to paragraphs 1 through 22 Paragraphs, as if set forth herein.

## COUNT III- VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24. Aver that the allegations contained in Paragraph 24 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 24 contains factual allegations, Defendants deny each and every allegation.

25. Aver that the allegations contained in Paragraph 25 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 25 contains factual allegations, Defendants deny each and every allegation.

26. Deny each and every allegation contained in Paragraph 26 of the Complaint.

27. Deny each and every allegation contained in Paragraph 27 of the Complaint.

28. Defendant incorporates and re-alleges its specific answers to paragraphs 1 through 27 Paragraphs, as if set forth herein.

## ATTORNEY'S FEES AND COSTS

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 and, therefore, denies the same.

30. Aver that the allegations contained in Paragraph 30 of the Complaint state a legal conclusion to which no response is required.

Notwithstanding the foregoing, to the extent that Paragraph 30 contains factual allegations, Defendants deny each and every allegation.

## DAMAGES

31. Aver that the allegations contained in Paragraph 31 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 31 contains factual allegations, Defendants deny each and every allegation.

## INJUNCTIVE RELIEF

32. Aver that the allegations contained in Paragraph 32 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 32 contains factual allegations, Defendants deny each and every allegation.

## PRAYER FOR RELIEF

33. Defendants deny each and every allegation contained in subsections (A) through (E) under the WHEREFORE clause of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction to hear these claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

In the event the Court finds Plaintiff has sustained damages as alleged in the Complaint, any such damages were the direct result of Plaintiff's actions and/or a person or entity over whom Defendant had no control and for whom Defendant is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Defendant has provided accessibility to the extent required by law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, release, laches, unclean hands and/or equitable estoppels.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant has provided the Plaintiff with a reasonable accommodation.

## NINTH AFFIRMATIVE DEFENSE

Some or all of the alleged violations are not readily achievable, not required, or would create an undue hardship on Defendant. The original structure and area of the premises, which preempts the January 26, 1992 effective date of the ADA, has never been modified or altered within the

meaning of 28 C.F.R. § 36.402(b)(1) since its construction over 100 years ago.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join one or more parties required to be joined and such failure prejudices Defendant and could create a substantial risk of inadequate, multiple, or inconsistent judgments.

### ELEVENTH AFFIRMATIVE DEFENSE

Any and all liability of Defendant is cut off by the intervening and/or supervening conduct of others.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses that are revealed by further investigation or by discovery. Any allegation not addressed herein are denied in full.

Dated: New York, NY
April 28, 2011

Respectfully submitted,

By: __/s   Tahanie A. Aboushi,__
Tahanie A. Aboushi, Esq. (TA6529)
THE ABOUSHI LAW FIRM, PLLC
501 Fifth Avenue, Suite 305
New York, NY 10017
Telephone: 212.300.2113
Facsimile: 646.367.4925